FILED

January 24, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ SAF

                          DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

UNITED STATES OF AMERICA

v.

Case Number: 5:23-CR-00136-XR(1)

USM Number: 03380-510

SEAN AARON SMITH
*Aliases: Smith, Sean; Smith, Sean A.; Turbo; Doe, John*
Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, **SEAN AARON SMITH**, was represented by Marina Thais Douenat , Esq.

The defendant pled guilty to **Count(s) One to Six (1-6)** of the **Indictment** on August 17, 2023 Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 844(i) | Arson affecting Interstate and Foreign Commerce | April 10, 2021 | One (1) |
| 18 U.S.C. § 844(i) | Arson affecting Interstate and Foreign Commerce | May 8, 2021 | Two (2) |
| 18 U.S.C. § 844(i) | Arson affecting Interstate and Foreign Commerce | May 24, 2021 | Three (3) |
| 18 U.S.C. § 844(i) | Arson affecting Interstate and Foreign Commerce | March 1, 2022 | Four (4) |
| 18 U.S.C. § 844(i) | Arson affecting Interstate and Foreign Commerce | April 29, 2022 | Five (5) |
| 18 U.S.C. § 844(i) | Arson affecting Interstate and Foreign Commerce | May 2, 2022 | Six (6) |

As pronounced on January 24, 2024, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 24th day of January, 2024.

**XAVIER RODRIGUEZ**
**United States District Judge**

DEFENDANT:        SEAN AARON SMITH
CASE NUMBER:        5:23-CR-00136-XR(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **Seventy-eight (78) Months.** This term consists of **Seventy-eight (78) Months** as to each **Count: One (1), Two (2), Three (3), Four (4), Five (5)** and **Six (6) all to run concurrent** with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b). It is further the intent of this Court that the sentence imposed in this case run concurrently to the sentence imposed in 5:22-CR-304 (1) XR.

**The Court makes the following recommendations to the Federal Bureau of Prisons:**

1.  That the defendant be incarcerated at FCI Bastrop.

2.  That if eligible, the defendant participates in the 500-hour drug program.

3.  That the defendant be enrolled in any Vocational and or educational

The defendant shall remain in custody pending service of sentence.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____. with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

_____

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                      Judgment -- Page 3 of 7

DEFENDANT:          SEAN AARON SMITH
CASE NUMBER:        5:23-CR-00136-XR(1)

## SUPERVISED RELEASE

   Upon release from imprisonment, the defendant shall be on supervised release for a total term of **Three (3) years.**  This term consists of Three (3) years as to each Count: One (1), Two (2), Three (3), Four (4), Five (5) and Six (6) all to run concurrently.  It is further the intent of this Court that the sentence imposed in this case run concurrently to the sentence imposed in 5:22-CR-304 (1) XR.

   While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court on November 28, 2016, and shall comply with the following additional conditions:

1.  The defendant shall participate in an inpatient substance abuse treatment program and follow the rules and regulations of that program.  The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs.  The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.).  During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.  The defendant shall pay the costs of such treatment if financially able.

2.  The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance.  The defendant shall not attempt to obstruct or tamper with the testing methods.  The defendant shall pay the costs of testing if financially able.

DEFENDANT:          SEAN AARON SMITH
CASE NUMBER:        5:23-CR-00136-XR(1)

# CONDITIONS OF SUPERVISION

Mandatory Conditions:

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

[10]  The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

Standard Conditions:

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6]   The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

DEFENDANT:            SEAN AARON SMITH
CASE NUMBER:          5:23-CR-00136-XR(1)

[7]     The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so.  If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so.  If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least (10) days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]     The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]     If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]    The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]    The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]    If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction.  The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]    The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]    If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]    If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]    If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17]    If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervision release.  The defendant shall not illegally re-enter the United States.  If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

DEFENDANT:          SEAN AARON SMITH
CASE NUMBER:        5:23-CR-00136-XR(1)

# CRIMINAL MONETARY PENALTIES/SCHEDULE

      The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, Attn: Mail Log, 262 W. Nueva Street, San Antonio, Texas 78207or online by Debit (credit card not accepted) or ACH payment (direct from Checking or Savings account) through pay.gov (link accessible on the landing page of the U.S. District Court's Website). **Your mail-in or online payment must include your case number in the exact format of the DTXW523CR000136-001 to ensure proper application to your criminal monetary penalty.** The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $600.00 | $.00 | $.00 |

## SPECIAL ASSESSMENT

      It is Ordered that the defendant shall pay to the United States a special assessment of $600.00. This sum represents $100.00 as to Count One (1), $100.00 as to Count Two (2) and $100.00 as to Count Three (3), $100.00 as to Count Four (4), $100.00 as to Count Five (5), and $100.00 as to Count Six (6).   Payment of this sum shall begin immediately.

## FINE

      The fine is waived because of the defendant's inability to pay.

## RESTITUTION

**\*\*\*Per Order of this Court, restitution has been bifurcated.  Judgment is to be amended at a later date with a complete list of victims and amounts due to each victim\*\*\***

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

    If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

    The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

    Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

    Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                            Judgment -- Page 7 of 7

DEFENDANT:         SEAN AARON SMITH
CASE NUMBER:       5:23-CR-00136-XR(1)

# FORFEITURE

     The defendant is ordered to forfeit the following property to the United States:

1. Polymer80, Inc. PFC9; serial number CA15357
2. Sig Sauer pistol, serial number 66B430849
3. AK-47 GP/WASR-10/63, serial number 1968B11180
4. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.